PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WALTER LEWIS, JR., | ) | |
| | ) | CASE NO. 4:17CV1242 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| STEVE MERLAK, WARDEN, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

*Pro se* Petitioner Walter Lewis, Jr, an inmate in the Federal Correctional Institution in Elkton, Ohio filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner was convicted in 2007 in the United States District Court for the Northern District of West Virginia, pursuant to a guilty plea, of possession with intent to distribute and distribution of more than 5 grams of cocaine base. He was sentenced to 262 months in prison, and four years of supervised release. Petitioner has now seeks relief under § 2241 from his Sentencing Guideline classification as a career offender based on the Supreme Court's recent decisions in *Mathis v. United States*, 136 S. Ct. 2243, 2245-46 (2016) and *Descamps v. United States*, 570 U.S. 254 (2013).

## I. Background

Petitioner was named in a thirteen-count indictment filed on February 6, 2007 in the United States District Court for the Northern District of West Virginia. *See United States v. Lewis*, No. 5:07-cr-00005 (N.D. W.Va. indict filed Feb. 6, 2007). He pled guilty on April 2, 2007 to Count Ten of the indictment charging him with possession with intent to distribute and distribution of more than

5 grams of cocaine base. He appeared for sentencing on December 6, 2007. His offense level was determined to be 34, which was a base offense level of 32 plus two levels for obstruction of justice. His criminal history category was IV, based on seven criminal history points, but his prior Pennsylvania felony convictions in 1999 for robbery and in 2005 for a controlled substance offense qualified him as a career offender under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1, placing him in a criminal history category of VI. Petitioner's Guideline range was 262 to 327 months in prison. Petitioner received a sentence at the lowest end of that range, 262 months, followed by four years of supervised release. His conviction and sentence were upheld on appeal.

Petitioner filed two Motions to Vacate Sentence under 28 U.S.C. § 2255. His first motion asserted ineffective assistance of trial counsel and was denied on the merits on February 9, 2011. *See Lewis v. United States*, No. 5:09 CV 104 (N.D. WV Feb. 9, 2011). He attempted to file a second or successive petition on June 22, 2016, but the Fourth Circuit Court of Appeals denied his application for authorization to proceed.

Petitioner has now filed this Petition under 28 U.S.C. § 2241 challenging his sentence in light of *Johnson*, *Mathis*, and *Descamps*. He contends he is actually innocent of the U.S.S.G. § 4B1.1 enhancement as a career criminal because his state law convictions for robbery and the controlled substance offense are broader than the generic offenses defined in U.S.S.G. §§ 4B1.2(a)(1) (force clause) and 4B1.2(b) (controlled substance offense). He contends he is entitled to resentencing without the career offender enhancement.

(4:17CV1242)

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under 28 U.S.C. § 2243).

## III. Law and Analysis

As a general matter, 28 U.S.C. § 2255 and 28 U.S.C. § 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence, while § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, claims asserted by federal prisoners seeking to challenge their

(4:17CV1242)

sentences must be filed in the sentencing court pursuant to 28 U.S.C. § 2255. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

There is a "savings clause" in 28 U.S.C. § 2255(e), which provides a narrow exception to the statutory scheme and allows a federal prisoner to challenge his conviction or sentence under § 2241 if § 2255 "is inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447. Section 2255 relief is not inadequate or ineffective, however, merely because § 2255 relief has been denied, the Petitioner is procedurally barred from pursuing § 2255 relief, or the Petitioner has been denied permission to file a second or successive § 2255 motion. *Barnes v. United States*, 102 F. App'x. 441, 443 (6th Cir. 2004). Rather, the Sixth Circuit has held the savings clause applies to allow a § 2241 petition only in the narrow circumstance where a petitioner demonstrates "actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under [S]ection 2255." *Hayes v. Holland*, 473 F. App'x. 501, 502 (6th Cir. 2012). Actual innocence means "factual innocence." The petitioner must demonstrate "it is more likely than not that no reasonable juror would have convicted him." *Barnes*, 102 F. App'x. at 443.

Petitioner is challenging his sentence. Therefore, he must demonstrate that his claim fits within the narrow exception of the savings clause. Claims alleging actual innocence of a sentencing enhancement generally cannot be raised under §2241. *Jones v. Castillo*, 489 F. App'x. 864, 866 (6th Cir. 2012). In 2016, the Sixth Circuit, in *Hill v. Masters*, 836 F.3d 591, 599–600 (6th Cir. 2016), provided an exception to that rule for a narrow subset of § 2241 petitions for: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent,

4

(4:17CV1242)

retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement. *Hill*, 836 F.3d at 599-600. In 2017, the Supreme Court held that vagueness challenges under *Johnson* do not apply to the Guidelines' because the Guidelines "merely guide the exercise of court's discretion in choosing an appropriate sentence within the statutory range." *Beckles v. United States*, 137 S.Ct. 886, 894 (2017). In this case, Petitioner was sentenced under the advisory guidelines, not the pre-*Booke*r mandatory guidelines. Neither *Hill* nor *Johnson* apply, and Petitioner has not demonstrated he can proceed under the savings clause. Therefore, he may not file this claim under § 2241.

### IV. Conclusion

Accordingly, this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| December 11, 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |